*Johnny Mack Kinder v. South Carolina Department of Corrections; Barry J. Tucker, in his official and personal capacity; Donald Keatley, in his official and personal capacity; Kellan Mills, in his official and personal capacity; Jeffrey West, in his official and personal capacity; Mark Pettit, in his official and personal capacity; Officer Sanders in his official and personal capacity; and John Doe 1-25, in their official and personal capacities*

**Civil Action No. 2020-CP-40-02971**

**Richland County Court of Common Pleas**

# Exhibit A

**[State Court Pleadings]**

ELECTRONICALLY FILED - 2020 Jun 29 4:33 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002971

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF RICHLAND | C.A. No. _____ |

Johnny Mack Kinder,
                Plaintiff,
      v.

South Carolina Department of Corrections; Barry J. Tucker, in his official and personal capacity; Donald Keatley, in his official and personal capacity; Kellan Mills, in his official and personal capacity; Jeffrey West, in his official and personal capacity; Mark Pettit, in his official and personal capacity; Officer Sanders in his official and personal capacity; and John Doe 1-25, in their official and personal capacities;
                Defendants.

## SUMMONS

TO:    SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, BARRY J. TUCKER, DONALD KEATLEY, KELLAN MILLS, JEFFREY WEST, MARK PETTIT, OFFICER SANDERS AND JOHN DOE 1-25

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office at 140 Wildewood Park Drive, Suite A, Columbia, South Carolina, 29223 within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                PROFFITT & COX, LLP

                *s/ David Proffitt*_____
                David Proffitt, SC Bar No. 11193
                140 Wildewood Park Drive, Suite A
                Columbia, S.C. 29223-4311
                Telephone: (803) 834-7097
                Fax: (888) 711-1057
                Email: dproffitt@proffittcox.com
                Attorneys for Plaintiff

June 29, 2020

ELECTRONICALLY FILED - 2020 Jun 29 4:33 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002971

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF RICHLAND | C.A. No. _____ |

Johnny Mack Kinder,

        Plaintiff,

v.

South Carolina Department of Corrections; Barry J. Tucker, in his official and personal capacity; Donald Keatley, in his official and personal capacity; Kellan Mills, in his official and personal capacity; Jeffrey West, in his official and personal capacity; Mark Pettit, in his official and personal capacity; Officer Sanders, in his official and personal capacity; and John Doe 1-25, in their official and personal capacities;

        Defendants.

## COMPLAINT
**(JURY TRIAL DEMANDED)**

Plaintiff Johnny Mack Kinder, by and through his undersigned counsel and complaining of the above-named Defendants, alleges and states as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff Johnny Mack Kinder, SCDC ID No. 277942, is an inmate of the South Carolina Department of Corrections currently housed at Lee Correctional Institution.

2.    Defendant South Carolina Department of Corrections ("SCDC") is a governmental agency existing under the laws of the State of South Carolina which operates prisons throughout the state, including Tyger River Correctional Institution.

3. On information and belief, Defendant Barry J. Tucker at relevant times is or was employed as warden of Tyger River Correctional Institution.

4. On information and belief, Defendant Donald Keatley at relevant times is or was employed as a captain and correctional officer with SCDC at Tyger River CI.

5. On information and belief, Defendant Kellan Mills at relevant times is or was employed as a lieutenant and correctional officer with SCDC at Tyger River CI.

6. On information and belief, Defendant Jeffrey West at relevant times is or was employed as a sergeant and correctional officer with SCDC at Tyger River CI.

7. On information and belief, Defendant Mark Pettit is or was employed as a corporal and correctional officer with SCDC at Tyger River CI.

8. On information and belief, Officer Sanders is or was employed as a correctional officer with SCDC at Tyger River CI.

9. On information and belief, John Doe or Jane Doe 1-25 are current or former employees or agents of SCDC charged with the responsibility of safekeeping of inmates, whose identities are presently unknown to Plaintiff.

10. This Court, as a court of general jurisdiction in South Carolina, has subject matter jurisdiction over this lawsuit and personal jurisdiction over the parties.

11. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

12. Plaintiff Johnny Mack Kinder is an inmate of the South Carolina Department of Corrections ("SCDC") and at relevant times was incarcerated at Tyger River Correctional Institution.

13. In or about late 2018, Plaintiff received threats from one or more inmates whom he believed to be gang members.

14. Plaintiff informed the officers and staff of the threats and requested that action be taken to protect him and ensure his safety. Plaintiff's requests were ignored or rejected and he was not moved, placed in protective custody or otherwise protected.

15. On or about December 1, 2018, Plaintiff remained in his cell while nearly all other inmates attended a Christmas dinner prepared by a church group.

16. On information and belief, no correctional officers remained on duty in the dorm, but instead attended the Christmas dinner or other duties in the prison.

17. During that time, Plaintiff was attacked while in his cell by one or more inmates who nearly beat him to death. Plaintiff suffered severe, permanent, disabling and lifelong injuries, including a traumatic brain injury and stroke.

18. As a result of the severe beating and assault, Plaintiff suffered a right carotid artery dissection, which restricted the flow of blood to his brain and caused an acute ischemic right middle cerebral artery, i.e., a restriction in the flow of blood in the brain that led to a massive stroke that has permanently affected his physical, mental and cognitive abilities.

19. Plaintiff underwent an emergency right-sided decompressive craniotomy on December 5, 2018, in which a portion of his skull was removed to relieve the pressure on his brain and prevent him from dying.

20. Plaintiff underwent a right-sided cranioplasty on January 7, 2019, in which his skull was repaired.

21. Plaintiff was hospitalized at Spartanburg Regional Medical Center from December 2, 2018, to January 15, 2019.

ELECTRONICALLY FILED - 2020 Jun 29 4:33 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002971

22. While at Spartanburg Regional Medical Center, Plaintiff was unable to even sit up in bed without substantial help from nursing or physical therapy staff. Plaintiff for several weeks was unable to speak and was entirely unable to rise from his bed or walk. Nevertheless, on information and belief, his arms and legs remained shackled and he was chained to the hospital bed 24 hours per day except for brief periods of therapy or other medical treatment. In addition, two correctional officers were present in Plaintiff's hospital room 24 hours per day.

23. Plaintiff was incarcerated at Columbia Regional Care Center, a prison medical facility, from January 15, 2019, to February 13, 2020.

24. Plaintiff, age 41, is now permanently disabled with left-sided weakness and disability. He is wheelchair-bound, cannot walk and can barely stand. His left arm and hand are contracted. His ability to speak is affected and he has physical, mental and cognitive deficits as a result of the assault. Before Plaintiff was assaulted, he was healthy and had no significant or disabling physical, mental or cognitive issues.

25. Defendant SCDC, by and through its employees and agents, owes a duty of care to Plaintiff and other inmates, including, among other things, duties to provide a properly secured and reasonably safe environment, to ensure adequate staffing, prevent overcrowding, prevent criminal gang activity, prevent inmates from making or possessing dangerous inmate-created weapons, and to properly secure and monitor prison dorms such that inmates are prevented assaulting other inmates.

26. Plaintiff's injuries were proximately caused by the negligent, grossly negligent, reckless, willful and wanton acts of Defendant SCDC, by and through its employees and agents, and Defendants breached their duty of care to Plaintiff as alleged herein.

ELECTRONICALLY FILED - 2020 Jun 29 4:33 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002971

27. As a result and because of Defendants' negligent, grossly negligent, reckless, willful, wanton and deliberately indifferent conduct, Plaintiff was severely injured, suffered needlessly, and suffered physical pain and suffering and emotional distress, loss of enjoyment of life, temporary and permanent scarring and disfigurement, temporary and permanent impairment and disability, loss of income and earning capacity, and medical expenses. Plaintiff has suffered and will suffer damages now and in the future.

28. The acts and omissions of Defendant SCDC and its employees and agents constitute one or more common law torts compensable under the South Carolina Tort Claims Acts, including but not limited to, negligence and gross negligence resulting in egregious and lifelong injures to Plaintiff.

29. The acts and omissions of the individual Defendants constitute deliberate indifference to Plaintiff's health and safety under the Eighth Amendment of the United States Constitution. Plaintiff has a cognizable under 42 U.S.C. § 1983 as a result of the egregious and lifelong injuries he has suffered.

**FOR A FIRST CAUSEOF ACTION
AGAINST DEFENDANT SCDC
(NEGLIGENCE / GROSS NEGLIGENCE / NEGLIGENT HIRING /
NEGLIGENT TRAINING / NEGLIGENT SUPERVISION / TORT CLAIMS ACT)**

30. Plaintiff incorporates each of the foregoing allegations as fully as if repeated herein verbatim.

31. Defendant SCDC, by and through its employees an agents, owes a duty of care to Plaintiff and other inmates, including, among other things, duties to provide a properly secured and reasonably safe environment, to ensure adequate staffing, prevent overcrowding, prevent criminal gang activity, prevent inmates from making or possessing dangerous inmate-created

weapons, and to properly secure and monitor prison dorms such that inmates are prevented assaulting other inmates.

32. Defendant SCDC is vicariously liable for the actions and omissions of its employees and agents.

33. Plaintiff's injuries were proximately caused by the negligent, grossly negligent, reckless, willful and wanton acts of Defendant, by and through its employees and agents, which breached its duty of care to Plaintiff in one or more of the following ways:

   a. In failing to provide an adequate or sufficient number of correctional officers to properly secure and monitor prison dorms;

   b. In failing to prevent prison overcrowding;

   c. In failing to sufficiently investigate or prevent criminal gang activity and related violence;

   d. In failing to properly monitor, search and secure the inmates and cells in the dorms and other locations to prevent inmates from making or possessing contraband inmate-created weapons;

   e. In failing to properly monitor, search and secure the inmates and cells in the dorm on the date of Plaintiff's assault and grievous injuries;

   f. In failing to properly and timely respond to or investigate Plaintiff's reports that other inmates had threatened him;

   g. In failing to protect Plaintiff and prevent one or more inmates from attacking him;

   h. In failing to take timely and appropriate action to protect Plaintiff, such as transfer to another location or placement in protective custody;

i. In failing to properly monitor and secure doors to prevent the unsupervised and improper movement of inmates between areas;

j. In failing to respond with sufficient speed and force to prevent inmates from attacking other inmates;

k. In failing to properly monitor inmates, conditions and events in the dorms to prevent inmates from attacking other inmates;

l. In failing to properly observe and monitor inmates by performing required cell security checks, including on the date of Plaintiff's assault and grievous injuries;

m. In failing to properly hire, train or supervise sufficient employees or agents in order to ensure that inmates were properly monitored and necessary actions taken to maintain a reasonably safe environment (such as adequate staffing, prevention of overcrowding, prevention of criminal gang activity, performing cell security checks, keeping doors closed, and identifying and seizing contraband inmate-created weapons);

n. In failing to establish, enforce or follow appropriate policies and procedures to ensure that inmates were properly monitored and necessary actions taken to maintain a safe environment (such as adequate staffing, prevention of overcrowding, prevention of criminal gang activity, performing cell security checks, keeping doors closed, and identifying and seizing contraband inmate-created weapons);

o. In failing to properly hire, train, monitor and supervise employees or agents in order to ensure the safety of inmates;

p. In failing to adhere to the policies and procedures of Defendant to the extent that they exist;

q. In failing to properly classify and monitor inmates; or

r. In other ways which will be discovered during the course of this litigation.

34. As a result and because of Defendant's negligent, grossly negligent, reckless, willful, wanton conduct, Plaintiff was severely injured, suffered needlessly, suffered physical pain and suffering and emotional distress, loss of enjoyment of life, temporary and permanent scarring and disfigurement, temporary and permanent impairment and disability, loss of income and earning capacity, and incurred medical expenses. Plaintiff has suffered and will suffer damages now and in the future.

35. Plaintiff is entitled to judgment against Defendant SCDC for actual and consequential damages for Defendant's acts and omissions of gross negligence.

**FOR A SECOND CAUSE OF ACTION
AGAINST INDIVIDUAL DEFENDANTS TUCKER, KEATLEY, MILLS, WEST,
PETTIT, SANDERS AND DOE
(VIOLATION OF 42 U.S.C. § 1983 / EIGHTH AMENDMENT /
CRUEL AND UNUSUAL PUNISHMENT / SUPERVISORY LIABILITY)**

36. Plaintiff incorporates each of the foregoing allegations as fully as if repeated herein verbatim.

37. Defendants Tucker, Keatley, Mills, West, Pettit, Sanders and Doe (collectively, "§ 1983 Defendants") were acting under the color or pretense of State law, customs, practices, usage or policy at all relevant times. As employees of SCDC, they had had certain duties imposed upon them with regard to Plaintiff.

38. During relevant times, § 1983 Defendants were well aware of Plaintiff's constitutional rights including his right to be incarcerated in a properly secured and reasonably

safe environment in which staffing was adequate staffing, overcrowding did not endanger him, criminal gang activity was prevented, inmates were prevented from making or possessing dangerous inmate-created weapons, and prison dorms were properly secured and monitored such that inmates are prevented assaulting other inmates.

39. Plaintiff was exposed to a substantial risk of serious harm to his health or safety and § 1983 Defendants knew of the potential harm and consciously disregarded it.

40. During relevant times, § 1983 Defendants were consciously and deliberately indifferent to Plaintiff in the following ways

    s. In consciously failing to provide an adequate or sufficient number of correctional officers to properly secure and monitor prison dorms;

    t. In consciously failing to prevent prison overcrowding;

    u. In consciously failing to sufficiently investigate or prevent criminal gang activity and related violence;

    v. In consciously failing to properly monitor, search and secure the inmates and cells in the dorms and other locations to prevent inmates from making or possessing contraband inmate-created weapons;

    w. In consciously failing to properly monitor, search and secure the inmates and cells in the dorm on the date of Plaintiff's assault and grievous injuries;

    x. In consciously failing to properly and timely respond to or investigate Plaintiff's reports that other inmates had threatened him;

    y. In consciously failing to protect Plaintiff and prevent one or more inmates from attacking him;

ELECTRONICALLY FILED - 2020 Jun 29 4:33 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002971

z. In consciously failing to take timely and appropriate action to protect Plaintiff, such as transfer to another location or placement in protective custody;

aa. In consciously failing to properly monitor and secure doors to prevent the unsupervised and improper movement of inmates between areas;

bb. In consciously failing to respond with sufficient speed and force to prevent inmates from attacking other inmates;

cc. In consciously failing to properly monitor inmates, conditions and events in the dorms to prevent inmates from attacking other inmates;

dd. In consciously failing to properly observe and monitor inmates by performing required cell security checks, including on the date of Plaintiff's assault and grievous injuries;

ee. In consciously failing to properly hire, train or supervise sufficient employees or agents in order to ensure that inmates were properly monitored and necessary actions taken to maintain a reasonably safe environment (such as adequate staffing, prevention of overcrowding, prevention of criminal gang activity, performing cell security checks, keeping doors closed, and identifying and seizing contraband inmate-created weapons);

ff. In consciously failing to establish, enforce or follow appropriate policies and procedures to ensure that inmates were properly monitored and necessary actions taken to maintain a safe environment (such as adequate staffing, prevention of overcrowding, prevention of criminal gang activity, performing cell security checks, keeping doors closed, and identifying and seizing contraband inmate-created weapons);

11

ELECTRONICALLY FILED - 2020 Jun 29 4:33 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4002971

  gg. In consciously failing to properly hire, train, monitor and supervise employees or agents in order to ensure the safety of inmates;

  hh. In consciously failing to adhere to the policies and procedures of Defendant to the extent that they exist;

  ii. In consciously failing to properly classify and monitor inmates; or

  jj. In other ways which will be discovered during the course of this litigation.

41. Section 1983 Defendants, to the extent that one or more are shown to be supervisors of other SCDC employees or agents, are liable to Plaintiff because the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff, the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to Plaintiff or tacit authorization of the alleged offensive practice, and there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by Plaintiff.

42. As a direct and proximate result of § 1983 Defendants' acts of willful, malicious, conscious and deliberate indifference, Plaintiff suffered cruel and unusual punishment and deprivations of his rights secured by the Eighth and Fourteenth Amendments of the United States Constitution.

43. As a result, Plaintiff was severely injured, suffered needlessly, and suffered physical pain and suffering and emotional distress, loss of enjoyment of life, temporary and permanent scarring and disfigurement, temporary and permanent impairment and disability, loss of income and earning capacity, and medical expenses. Plaintiff has suffered and will suffer damages now and in the future.

44. As a result, Plaintiff is entitled to judgment against Defendants for actual, consequential and punitive damages.

45. As a result, Plaintiff is entitled to recover attorney's fees and the costs of bringing this action. See 42 U.S.C. § 1988.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all causes of action to which he is entitled by law to a trial by a jury of his peers.

WHEREFORE, having fully set forth his Complaint, Plaintiff prays that the Court grant by verdict or judgment an award of all damages he is entitled to recover under the law under all causes of action set forth in this Complaint, including actual damages, consequential damages, special damages and punitive damages in an amount to be determined by a jury, including attorney's fees and costs as allowed by any statute, court rule or applicable law, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PROFFITT & COX, LLP

*s/ David Proffitt*
David Proffitt
SC Bar No. 11193
140 Wildewood Park Drive, Suite A
Columbia, S.C. 29223-4311
Telephone: (803) 834-7097
Fax: (888) 711-1057
Email: dproffitt@proffittcox.com

Attorneys for Plaintiff

June 29, 2020